DYNAMIC SUPPLY INC., Plaintiff-Intervenor,[1]

v.

The UNITED STATES, et al., Defendants,

and

Mandel & Grunfeld, Defendant-Intervenor.

Court No. 83–3–00422.

United States Court of International Trade.

May 9, 1983.

---

1. The within civil action was dismissed without prejudice as to the plaintiff, Fada Industries, Inc., by order of the court under date of May 4, 1983, pursuant to a stipulation made and entered into by all of the parties to said action under date of April 29, 1983.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City (Jonathan W. Miller and David B. Howorth, New York City), for plaintiff-intervenor.

David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (A. David Lafer, Washington, D.C.), for defendants.

Mandel & Grunfeld, New York City (James A. Resti and Irving Mandel, New York City), for defendant-intervenor.

## Memorandum Opinion And Order

BOE, Judge.

In 1981 the plaintiff-intervenor retained the law firm of Mandel & Grunfeld, defendant-intervenor, to file protests relating to the classification of certain solid-state digital watch modules. The plaintiff-intervenor agreed in writing at that time to pay contingent fees to the defendant-intervenor on any refunds which would be paid by Customs as a result of the filed protests. Pursuant to 19 C.F.R. § 174.13 the defendant-intervenor was designated as the mailing addressee of any refunds payable to the importer, the plaintiff-intervenor.

In accordance with the retainer agreement, the defendant-intervenor filed a series of protests with respect to the merchandise imported by plaintiff-intervenor. The final decisions of the United States Court of Customs and Patent Appeals in the cases of *United States v. Texas Instru-ments, Inc.*, 673 F.2d 1375, 67 CCPA 57, 67 CCPA 59 (April 17, 1980), CCPA Appeal No. 81-23 (1982) have caused refunds to be due, owing and payable to plaintiff-intervenor by virtue of the protests filed in their behalf.

On September 14, 1982, the plaintiff-intervenor advised Customs that defendant-intervenor no longer represented it in connection with any matters pending before the customs service.

Upon dismissal of Mandel & Grunfeld as counsel by plaintiff-intervenor, the defendant-intervenor, claiming a lien on all refunds issued by Customs payable to plaintiff-intervenor, filed suit in the Supreme Court of the state of New York seeking the percentage share of the refund checks issued by Customs pursuant to the contingent fee agreement between the parties as well as the imposition of compensatory and punitive damages.

The defendant-intervenor instituted an action against Dennis T. Snyder, Regional Commissioner of Customs, Region II et al., Court No. 83-3-00356, and moved this court for the issuance of a temporary restraining order restraining the said defendants from issuing or offsetting the refund checks in question during the pendency of its application for a preliminary injunction.

A temporary restraining order was accordingly granted by this court on March 10, 1983, enjoining the release of the refunds in question by the defendants to the relevant importers pending a judicial determination of the rights of the present defendant-intervenor to an attorneys lien thereon.

Pursuant to a stipulation entered into between the present defendant-intervenor and the federal defendants above-referred to, the cause of action, Court No. 83-3-00356, was dismissed by order of this court under date of March 16, 1983.

Refund checks issued by Customs to the present date have been made payable to the plaintiff-intervenor and transmitted to the defendant-intervenor in care of that firm pursuant to the stipulation afore-referred

to, the provisions of 19 C.F.R. § 174.13 and the provisions of the contingent fee agreement between plaintiff-intervenor and defendant-intervenor.

The plaintiff-intervenor instituted an action seeking the issuance of a temporary restraining order by this court restraining the defendants, the United States, et al., from releasing to the defendant-intervenor duty refunds on any entry in which the plaintiff-intervenor has been designated "importer or other protesting party" pending the ultimate disposition of the civil action. On March 24, 1983, this court, after a hearing on said motion, denied the motion for a temporary restraining order by the plaintiff-intervenor for the reasons set forth with particularity in the order of this court, Slip Op. 83–20.

In its reply in opposition to the plaintiff-intervenor's present pending motion for a preliminary injunction, the defendants, the United States, et al., have advised that Customs has changed its policy with respect to the revocation of the form designating the addressee to whom the refund checks were to be transmitted and, accordingly, will henceforth honor the importer's revocation of such a designation form. The refund checks, however, which were the subject of the stipulation entered into in Court No. 83–3–00356 will continue to be transmitted to the defendant-intervenor in accordance with the terms of said stipulation.

In the light of the foregoing information contained in defendants' memorandum, the plaintiff-intervenor, Dynamic Supply, Inc., strenuously urges that the present motion for a preliminary injunction should be granted.

■ This court, however, does not agree that any further facts have been established since the denial of the temporary restraining order herein requisite to the granting of a preliminary injunction. In the absence of fraud or mistake, the stipulation agreement entered into between the defendants and the defendant-intervenor relating to the transmittal of refund checks on protests filed in behalf of the present plaintiff-intervenor and specifically enumerated in schedules 1 through 6, attached to the complaint in Court No. 83–3–00356, cannot be subject to collateral attack and, accordingly, shall be strictly enforced by this court. *Baltimore & Ohio Railway v. Voigt,* 176 U.S. 498, 20 S.Ct. 385, 44 L.Ed. 560 (1900). This agreement was freely and voluntarily entered into between the parties. The plaintiff-intervenor knew of all of the proceedings that had previously transpired in this court with respect to the refund checks in question but made no attempt to intervene in the proceedings instituted by the defendant-intervenor in Court No. 83–3–00356. Nor did the plaintiff-intervenor at that time assert any claim of interest relating to the subject of the action. The absence of the plaintiff-intervenor from the proceedings leading to the stipulated agreement is not fatal to that agreement since plaintiff-intervenor is fully able to protect its interests in the action presently pending in the state court of New York. Rule of Court 19(a); *Provident Tradesmen Bank & Trust v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). This court cannot agree with the contention now urged that the plaintiff-intervenor should be deemed an indispensable party and, accordingly, should have been made, in turn, a party to the stipulation agreement and/or the action concerning which said stipulation agreement related.

Nor has there been a showing of the criteria requisite for the issuance of a preliminary injunction herein. *See S.J. Stile Associates, Ltd. v. Snyder,* 68 CCPA ——, 646 F.2d 522, 525 (1981). No showing has been made that the plaintiff-intervenor will be subject to immediate or irreparable damage in the event its present motion is not granted. The record herein reveals that the defendant-intervenor in open court has stated that the refund checks payable to the plaintiff-intervenor have been cashed and deposited in a special account. As this court has stated in its order denying the motion for a temporary restraining order, these funds are properly subject to the jurisdiction of the Supreme Court of the state of New York in which legal action is pres-

ently pending for the adjudication of the attorneys fees and other matters relating thereto.

■ The purpose of a preliminary injunction is to maintain the status quo in any proceeding pending its final adjudication upon the merits. *Lindahl King et al. v. Saddleback Junior College District et al.,* 425 F.2d 426, 427 (9th Cir.) (1970). The issuance of a preliminary injunction herein would, indeed, violate this very purpose.

The record in this proceeding is replete with matters which are not properly before this court in its present posture. Suffice it to say, this court refrains from expressing its views as to the ethical conduct evidenced by any party herein or as to the propriety of the employment contracts entered into between the plaintiff-intervenor and the defendant-intervenor for the specific services to be rendered.

Accordingly, it is hereby

ORDERED and ADJUDGED that the motion of Dynamic Supply, Inc., plaintiff-intervenor; for a preliminary injunction be and is hereby denied.